UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------------------X
PEDRO FERNANDO QUITUIZACA, ANGEL SERAFIN
QUITUIZACA, DAVID ELIAS QUITUIZACA, and FELIX
PAUL PARICHABALA, individually and on behalf of    CIVIL ACTION NO.
all others similarly situated,

                              COMPLAINT

                           Plaintiffs,

                          -against-

IL GABBIANO LLC, A AND E ONE LLC, JOSE MARIN,
and DOMENICO SALVATORE,

                           Defendants.
------------------------------------------------------------------------X

      Plaintiffs Pedro Fernando Quituizaca ("Pedro"), Angel Serafin Quituizaca ("Angel"), David Elias Quituizaca ("David"), and Felix Paul Parichabala ("Felix")(collectively, "Plaintiffs"), individually and on behalf of all others similarly situated, by their attorneys, Katz Melinger PLLC, complaining of the defendants, Il Gabbiano LLC, A and E One LLC ("A and E"), Jose Marin, and Domenico Salvatore (collectively "Defendants"), respectfully allege as follows:

### I. Nature of Action, Jurisdiction, and Venue

1. This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. (the "FLSA"), the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56(a) *et seq*., and the New Jersey Wage Payment Act, N.J.S.A. 34:11-4.1, *et seq.*

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

3. This Court has supplemental jurisdiction over the claims arising under the New Jersey Wage and Hour Law and the New Jersey Wage Payment Act pursuant to 28 U.S.C. § 1367,

in that the state law claims are so closely related to Plaintiffs' FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct business through their employees, including Plaintiffs, within this judicial district.

## II. Parties

5. Plaintiffs are individuals residing in the state of New Jersey.

6. Il Gabbiano LLC and A and E are domestic limited liability companies.

7. On or around August 9, 2006, A and E commenced operations.

8. A and E operated an Italian restaurant named Il Gabbiano (the "Restaurant") at 10 South Avenue West, Cranford, New Jersey 07016.

9. On or around October 16, 2017, Il Gabbiano LLC commenced operations.

10. On or around October 16, 2017, A and E ceased operations.

11. On December 19, 2017, A and E filed a certificate of dissolution with the New Jersey State Department of Treasury.

12. Upon information and belief, on or around the time it commenced operations, Il Gabbiano LLC assumed operation of the Restaurant.

13. Il Gabbiano LLC was a mere continuation of A and E's operations and Il Gabbiano LLC continued to operate A and E's business without interruption.

14. Il Gabbiano LLC assumed A and E's ordinary business operations.

15. Upon information and belief, Defendants Marin and Salvatore are individuals residing in the state of New Jersey.

16. Upon information and belief, at some or all times relevant to this action, Marin and Salvatore exercised significant control over A and E's operations and had the authority to hire, fire, and discipline employees; set employees' work schedules and conditions of employment; determine the rate and method of payment for employees; and maintain employment records.

17. Upon information and belief, Marin and Salvatore were and still are owners, officers and persons in control of Il Gabbiano LLC, who exercise significant control over the company's operations and have the authority to hire, fire, and discipline employees; set employees' work schedules and conditions of employment: determine the rate and method of payment for employees: and maintain employment records.

18. Upon information and belief, during all relevant times, A and E and Il Gabbiano LLC had common owners, officers, and directors and were controlled by Marin and Salvatore.

19. Il Gabbiano LLC and A and E operated out of the same location at the same address: 10 South Avenue West, Cranford, New Jersey 07016.

20. Upon information and belief, Il Gabbiano LLC and A and E used the same phone numbers and email addresses for their customers and vendors.

21. Il Gabbiano LLC continued A and E's ordinary business using most or all of A and E's existing equipment and inventory.

22. Il Gabbiano LLC continued A and E's ordinary business operations by continuing to provide services to A and E's customers without alerting the customers that it was a different entity.

23. Upon information and belief, Il Gabbiano LLC assumed liabilities ordinarily necessary for the uninterrupted continuation of A and E's business, including using all of the same employees as A and E.

24. Upon information and belief, Plaintiffs and all other employees were continuously employed by A and E and then Il Gabbiano LLC without interruption or change to their job duties.

25. While employed by Il Gabbiano LLC, Plaintiffs retained the same title, responsibilities, and hours of work as they maintained while working for A and E.

26. Il Gabbiano LLC merely continued the operations of A and E as to the Restaurant.

27. At all relevant times, Plaintiffs were employed by Defendants as defined by the FLSA 29 U.S.C. § 203(e), N.J.S.A. 34:11-56a.1(h), and N.J.S.A. 34:11-4.1(b).

28. Upon information and belief, at all relevant times, Defendants' gross revenues were and are in excess of $500,000.00 per year.

29. Defendants operate in interstate commerce.

30. All Defendants are subject to suit under the statutes alleged above.

### III. FLSA Collective Action Allegations

31. The First Cause of Action in this Complaint, which arises out of the FLSA, is brought by Plaintiffs on behalf of themselves and similarly situated persons who were employed since the date three (3) years prior to the filing of the Complaint and who elect to opt-in to this action (the "FLSA Collective Plaintiffs").

32. The FLSA Collective Plaintiffs consist of no less than fifteen (15) similarly situated current and former employees of Defendants, including cooks and other food preparers, busboys, dishwashers, and waiters, who work or worked in excess of forty (40) hours per week

and are victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

33. As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed Plaintiffs and the FLSA Collective Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA. This policy and pattern or practice includes, *inter alia*, failing to pay employees the applicable overtime rates for all time worked in excess of forty (40) hours per week.

34. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation.

35. Defendants' unlawful conduct has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiffs and the FLSA Collective Plaintiffs.

36. The FLSA Collective Plaintiffs would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and are locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

## IV. Factual Allegations

*Plaintiff Pedro Fernando Quituizaca*

37. Pedro worked at the Restaurant as a cook from in or around March 2008 until on or around September 23, 2018.

38. As a cook, Pedro's principal job responsibilities included helping the chef prepare food, chopping vegetables and meats, and working alongside other cooks employed by Defendants.

39. Throughout his employment, Pedro regularly worked Thursdays through Tuesdays, from 11:00 a.m. to 10:00 p.m., for a total of sixty-six (66) hours per week.

40. Throughout his employment, Pedro was afforded a thirty (30) minute daily lunch break approximately twice per week, bringing his total to (65) hours worked per week.

41. Throughout Pedro's employment, Defendants paid him a fixed weekly salary of $600.00 for all hours worked.

*Plaintiff Angel Serafin Quituizaca*

42. Angel worked at the Restaurant as a cook from in or around July 2001 until on or around September 23, 2018.

43. As a cook, Angel's principal job responsibilities included helping the chef prepare food, chopping vegetables and meats, and working alongside other cooks employed by Defendants.

44. Throughout his employment, Angel regularly worked Tuesdays through Thursdays from 11:00 a.m. to 9:30 p.m.; and Fridays through Sundays from 11:00 a.m. to 10:30 p.m., for a total of approximately sixty-six (66) hours per week.

45. Prior to January 2017, Angel was not afforded any meal or rest breaks.

46. From on or around January 2017 until the end of his employment, Angel was afforded a daily one (1) hour lunch break, bringing his total to sixty-one (61) hours worked per week.

47. Throughout Angel's employment, Defendants paid him a fixed weekly salary of $700.00 for all hours worked.

*Plaintiff David Elias Quituizaca*

48. David worked at the Restaurant as a kitchen assistant and dishwasher from in or around 2010 until on or around September 23, 2018.

49. As a kitchen assistant and dishwasher, David's principal job responsibilities included chopping vegetables and preparing salads, moving inventory from the pantry as needed, and washing dishes.

50. Throughout his employment, David regularly worked Mondays and Wednesdays from 11:00 a.m. to 9:30 p.m.; and Thursdays through Sundays from 11:00 a.m. to 11:00 p.m., for a total of approximately sixty-nine (69) hours per week.

51. Throughout his employment, David was afforded a one (1) hour daily lunch break approximately three times per week, bringing his total to (66) hours worked per week.

52. During the earliest portion of the relevant time period, Defendants paid David a fixed weekly salary of $450.00 for all hours worked.

53. From on or around January 2016 until on or around September 23, 2018, Defendants paid David a fixed weekly salary of $550.00 for all hours worked.

*Plaintiff Felix Paul Parichabala*

54. Felix worked at the Restaurant as a cook from in or around May 2002 until on or around September 23, 2018.

55. As a cook, Felix's principal job responsibilities included helping the chef prepare food, chopping vegetables and meats, and working alongside other cooks employed by Defendants.

56. Throughout his employment, Felix regularly worked Mondays, Wednesdays, and Thursdays from 11:30 a.m. to 10:00 p.m.; Fridays and Saturdays from 11:30 a.m. to 11:00 p.m.;

7

and Sundays from 10:00 a.m. to 10:00 p.m., for a total of approximately sixty-six and one-half (66.5) hours per workweek.

57. From in or around May 2002 until in or around December 2017, Felix was not afforded meal or rest breaks.

58. From in or around January 2018 until in or around September 23, 2018, Felix was afforded a daily thirty (30) minute lunch break, bringing his total to sixty-three and one-half (63.5) hours worked per week.

59. From in or around 2015 until in or around June 2016, Defendants paid Felix a fixed weekly salary of $480.00 for all hours worked.

60. From in or around July 2016 to in or around June 2017, Defendants paid Felix a fixed weekly salary of $520.00 for all hours worked.

61. From in or around July 2017 until on or around September 23, 2018, Defendants paid Felix a fixed weekly salary of $600.00 for all hours worked.

*Claims Common to All Plaintiffs*

62. Neither Plaintiffs' nor the FLSA Collective Plaintiffs' primary job duties involved creating Defendants' food menu; rather, Plaintiffs and the FLSA Collective Plaintiffs merely assisted the chef with preparing food items and performing other manual tasks in the kitchen and the Restaurant.

63. Neither Plaintiffs nor the FLSA Collective Plaintiffs had the authority to hire, fire, or discipline employees, nor did they make suggestions or recommendations as to the hiring, firing, or other terms and conditions of employment of other employees.

64. Neither Plaintiffs nor the FLSA Collective Plaintiffs supervised any employees, nor were they employed in an executive, professional, administrative, or outside sales capacity.

65. As a result, Plaintiffs and the FLSA Collective Plaintiffs were non-exempt employees under the FLSA and the New Jersey Wage and Hour Law.

66. At all relevant times, Plaintiffs and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per week, yet Defendants failed to compensate them at a rate of one and one-half times their regular hourly rates of pay for all hours worked in excess of forty (40) hours per week.

67. Defendants failed to pay Plaintiffs and the FLSA Collective Plaintiffs overtime compensation for any hours worked in excess of forty (40) hours per week.

68. Defendants paid Plaintiffs and the FLSA Collective Plaintiffs in cash and did not provide wage statements.

69. Defendants did not track or otherwise record the hours Plaintiffs and the FLSA Collective Plaintiffs worked.

70. Defendants knew or should have known that their failure to pay Plaintiffs and the FLSA Collective Plaintiffs overtime compensation was a violation of the FLSA and/or they acted in reckless disregard of the federal and state wage and hour laws.

71. Defendants' refusal to pay Plaintiffs and the FLSA Collective Plaintiffs all wages owed to them is an intentional and willful violation of federal and state wage and hour laws.

72. Plaintiffs and the FLSA Collective Plaintiffs sustained substantial damages from the acts and omissions described herein.

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFFS, INDIVIDUALLY, AND THE FLSA COLLECTIVE PLAINTIFFS
*(Overtime Violations under the FLSA)*

73. Plaintiffs, individually and on behalf of the FLSA Collective Plaintiffs, repeat and reallege all prior allegations set forth above.

9

74. Pursuant to the applicable provisions of the FLSA, Plaintiffs and the FLSA Collective Plaintiffs were entitled to overtime compensation of one and one-half times their regular hourly rates of pay or the minimum wage, whichever is greater, for all hours worked in excess of forty (40) hours per week.

75. Plaintiffs and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per week during their employment with Defendants.

76. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiffs and the FLSA Collective Plaintiffs overtime wages of one and one-half times their regular hourly rates of pay for each hour worked in excess of forty (40) hours per week.

77. Instead, Defendants compensated Plaintiffs and the FLSA Collective Plaintiffs a fixed salary each week, and failed to provide Plaintiffs and the FLSA Collective Plaintiffs with overtime wages.

78. As a result of Defendants' violations of the law and failure to pay Plaintiffs and the FLSA Collective Plaintiffs the required overtime wages, Plaintiffs and the FLSA Collective Plaintiffs have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

79. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiffs and the FLSA Collective Plaintiffs are entitled to liquidated damages.

80. Judgment should be entered in favor of Plaintiffs and the FLSA Collective Plaintiffs and against Defendants on the First Cause of Action in the amount of their respective unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## **AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFFS**
*(Overtime Violations under the New Jersey Wage and Hour Law)*

81. Plaintiffs repeat and reallege all prior allegations set forth above.

82. Pursuant to the applicable provisions of N.J.S.A. 34:11-56(a)(4), Plaintiffs were entitled to an overtime hourly wage of one and one-half times their regular hourly rate of pay for all hours worked in excess of forty (40) hours per week.

83. Throughout the relevant time period, Plaintiffs regularly worked in excess of forty (40) hours per week during their employment with Defendants.

84. Defendants knowingly failed to pay Plaintiffs overtime wages of one and one-half times their regular hourly rate of pay for each hour worked in excess of forty (40) per week.

85. Instead, Defendants compensated Plaintiffs a fixed salary each week, and failed to provide Plaintiffs with overtime wages for hours worked in excess of forty (40) per week.

86. As a result of Defendants' violations of the law and failure to pay Plaintiffs the required overtime wages, Plaintiffs have been damaged and are entitled to recover from Defendants all overtime wages due, along with reasonable attorneys' fees, interest, and costs.

87. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiffs are entitled to liquidated damages.

88. Judgment should be entered in favor of Plaintiffs and against Defendants on the Second Cause of Action in the amount of Plaintiffs' unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFFS
*(Failure to Timely Pay Wages in Violation of the New Jersey Wage Payment Law)*

89.    Plaintiffs repeat and reallege all prior allegations.

90.    At all relevant times, Defendants failed to pay Plaintiffs the full amount of wages due, including overtime wages, at least twice during each calendar month, on regular pay days designated in advance, in violation of N.J.S.A. 34:11-4.2.

91.    As a result of Defendants' violations of the law and failure to pay Plaintiffs all wages due, including overtime wages, in a timely manner, Plaintiffs have been damaged and are entitled to recover from Defendants all unpaid wages, along with interest and costs.

92.    Judgment should be entered in favor of Plaintiffs and against Defendants on the Third Cause of Action in the amount of Plaintiffs' unpaid wages, pre- and post- judgment interest, costs, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFFS
*(De Facto Merger)*

93.    Plaintiffs repeat and reallege all prior allegations as set forth above.

94.    Upon information and belief, upon the acquisition of A and E by Il Gabbiano LLC, there was continuity of ownership.

95.    Upon information and belief, upon the acquisition of A and E, Il Gabbiano LLC assumed the liabilities ordinarily necessary for the uninterrupted continuation of A and E's business.

96.    Upon information and belief, upon the acquisition of A and E by Il Gabbiano LLC, there was continuity of assets, management, personnel, and A and E's business in general.

97.    Based on the foregoing and upon information and belief, Il Gabbiano LLC actually or impliedly assumed A and E's liabilities.

98. Through Il Gabbiano LLC's acquisition of A and E, Il Gabbiano LLC is jointly and severally liable for A and E's wrongdoing due to Il Gabbiano LLC's de facto merger with A and E.

99. Accordingly, Il Gabbiano LLC is liable for the debts of its predecessor, A and E, because the transactions between Il Gabbiano LLC and A and E amount to a "de facto" merger.

100. Judgment should be entered on the Fourth Cause of Action in favor of Plaintiffs and against A and E and Il Gabbiano LLC determining that a de facto merger occurred, and declaring A and E and Il Gabbiano LLC liable for each other's debts and for all amounts due in the First through Third Causes of Action herein, as well as such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A FIFTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFFS
(Mere Continuation)

101. Plaintiffs repeat and reallege all prior allegations as set forth above.

102. On or around December 19th, 2017, when A and E ceased operations, Il Gabbiano LLC merely continued A and E's business with the same owners, officers, and/or persons in control.

103. The only change between A and E and Il Gabbiano LLC was the name of the entity in which the business was conducted.

104. Judgment should be entered on the Fifth Cause of Action in favor of Plaintiffs and against A and E and Il Gabbiano LLC determining that Il Gabbiano LLC is a mere continuation of A and E, and declaring A and E and Il Gabbiano LLC liable for each other's debts and for all amounts due in the First through Third Causes of Action herein, as well as such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A SIXTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFFS
*(Alter Ego Liability)*

105. Plaintiffs repeat and reallege all prior allegations as set forth above.

106. Upon information and belief, Marin and Salvatore, the common owners of A and E and Il Gabbiano LLC, exercised complete domination over the businesses.

107. Such domination was used to commit fraud or wrong against Plaintiffs that injured Plaintiffs, in that A and E's entire business was transferred to Il Gabbiano LLC while Il Gabbiano LLC used all of A and E's assets and goodwill, and seamlessly continued its operations.

108. There were no legitimate business reasons for the transfer of the business and it was merely designed to avoid the debts of A and E.

109. The corporate veil should be pierced to impose common liability on A and E, Il Gabbiano LLC, Marin, and Salvatore.

110. Judgment should be entered on the Sixth Cause of Action in favor of Plaintiffs and against Defendants determining they are the alter egos of each other, and declaring all Defendants liable for each other's debts and for all amounts due in the First through Third Causes of Action herein, as well as such other legal and equitable relief as this Court deems just and proper.

**WHEREFORE** Plaintiffs pray for relief as follows:

a) on the First Cause of Action on behalf of Plaintiffs and the FLSA Collective Plaintiffs for all overtime wages due to Plaintiffs and the FLSA Collective Plaintiffs, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

a) on the Second Cause of Action for all overtime wages due to Plaintiffs, liquidated damages, and reasonable attorney's fees in an amount to be determined by this Court;

b) on the Third Cause of Action for all wages due to Plaintiffs, and liquidated damages, in an amount to be determined by this Court;

c) on the Fourth Cause of Action for an order and judgment determining that A and E and Il Gabbiano LLC merged pursuant to the doctrine of de facto merger, and holding Il Gabbiano LLC liable for all amounts due on the First through Third Causes of Action herein;

d) on the Fifth Cause of Action for an order and judgment determining that Il Gabbiano LLC is a mere continuation of A and E, and declaring Il Gabbiano LLC and A and E liable for each other's debts and for all amounts due in the First through Third Causes of Action herein;

e) on the Sixth Cause of Action for an order and judgment determining that all Defendants are the alter egos of each other and declaring all Defendants liable for each other's debts and for all amounts due in the First through Third Causes of Action herein;

f) interest;

g) costs and disbursements; and

h) such other and further relief as is just and proper.

Dated: New York, New York
February 21, 2019

/s/ Nicole Grunfeld
Nicole Grunfeld
Katz Melinger PLLC
280 Madison Avenue, Suite 600
New York, New York 10016
t: (212) 460-0047
f: (212) 428-6811
ndgrunfeld@katzmelinger.com
*Attorneys for Plaintiffs and FLSA Collective Plaintiffs*

15